Maduka, Appellant, *v.* Parries, Appellee.

(No. 46701—Decided January 30, 1984.)

*Mr. Eric S. Brown,* for appellant.
*Mr. Michael Gallagher,* for appellee.

Day, P.J. Plaintiff-appellant Della Maduka ("plaintiff") appeals the dismissal of her suit in the Cuyahoga County Court of Common Pleas against her former landlord, defendant-appellee Jacqueline Parries ("defendant"). The trial court determined that it lacked subject matter jurisdiction.

' For the reasons adduced below, the judgment is affirmed.

---

[1] On November 16, 1982, the Housing Court dismissed the first count of the defendant's suit. In her appellate brief the plaintiff alleges that she filed a Civ. R. 13(J) motion to certify the Housing Court proceedings to the court of common pleas. She further alleges that no ruling has been made on this motion.

[2] Count I alleges that the defendant violated obligations imposed on a landlord

## I

The present case originated from a landlord-tenant dispute. On September 10, 1982, the defendant-landlord filed a forcible entry and detainer action in the Housing Division of the Cleveland Municipal Court ("Housing Court") seeking restitution of the premises occupied by the plaintiff-tenant. A default judgment for the defendant was entered on October 7, 1982, but subsequently vacated on October 12, 1982. On October 26, 1982, the defendant amended the complaint in the Housing Court proceeding to add a count seeking damages for back rent owed by the plaintiff. While this proceeding pended, the plaintiff filed the present suit in the court of common pleas. The plaintiff vacated the premises on November 15, 1982, rendering moot that portion of the defendant's forcible entry suit seeking possession.[1]

The plaintiff's complaint contains seven counts asserting grounds for recovery. Counts I through IV patently concern issues stemming directly from the Housing Court proceeding.[2] Count V concerns interference with the United States mail. Count VI alleges malicious prosecution and abuse of process. Count VII sounded in tort for an intrusion on the plaintiff's right to privacy. On January 25, 1983, the plaintiff was granted leave to supplement the complaint. An additional count was alleged seeking damages in tort for personal injury suffered by the plaintiff on the premises by reason of negligent maintenance and repair.

---

under R.C. 5321.04. Count II claims retaliatory eviction as prohibited by R.C. 5321.02(A). Count III charges the defendant with a violation of R.C. 5321.15 by terminating utility and other services for the purposes of recovering possession of the premises. Count IV sounds in breach of warranty of habitability.

The court of common pleas granted the defendant's motion to dismiss the plaintiff's action for lack of subject matter jurisdiction. The plaintiff assigns one error divided into three parts:

Assignment of Error No. I

"The trial court erred in dismissing the action for lack of subject matter jurisdiction.

"A. The court of common pleas is a court of general subject matter jurisdiction.

"B. The common pleas and municipal courts have concurrent original jurisdiction over the subject matter of property.

"C. The court of common pleas has jurisdiction over the subject matter in the instant case."

All the parts can be disposed together.

II

In 1980 the Ohio General Assembly enacted R.C. 1901.181 vesting the housing division of a municipal court with exclusive jurisdiction "in any civil action commenced pursuant to Chapter 1923. or 5321. * * *." Chapter 1923 governs actions in forcible entry and detainer. Chapter 5321 contains the codification of the Landlords and Tenants Act of 1974. Thus, the Cleveland Housing Court possessed exclusive jurisdiction over the defendant's forcible entry and detainer action.[3]

Although the issue of possession had been eliminated from the Housing Court proceeding on grounds of mootness, the unpaid rent issue remained. It is common practice for rent claims to be joined with forcible entry actions. See *Housing Authority* v. *Jackson* (1981), 67 Ohio St. 2d 129, 132 [21 O.O.3d 81]. And R.C. 1923.081 expressly allows for the joinder of the two causes of action. See *Smith* v. *Wright* (1979), 65 Ohio App. 2d 101, 103 [19 O.O.3d 59]. Moreover, R.C. 1901.131, pertaining to the incidental powers of the housing courts, provides:

"Whenever an action or proceeding is properly brought in the housing division of a municipal court, the housing division has jurisdiction to determine, preserve, and enforce all rights involved in the action or proceeding, to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties, including, but not limited to, the granting of temporary restraining orders and temporary and permanent injunctions, to render personal judgment irrespective of amount in favor of any party, and to render any judgments and make any findings and orders in the same manner and to the same extent that the court of common pleas can render judgment or make a finding or order in a like action or proceeding."

Civ. R. 13 applies to forcible entry and detainer proceedings. *Jemo Associates* v. *Garman* (1982), 70 Ohio St. 2d 267, 271 [24 O.O.3d 358]. Civ. R. 13 (A) makes joinder compulsory for any claim which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Federal cases interpreting parallel Fed. R. Civ. P. 13(a) have established various tests for determining whether a claim is considered to arise from the same transaction or occurrence. For policy reasons, a liberal construction is generally favored. See *Warshawsky &*

---

[3] The holding of *Seventh Urban, Inc.* v. *University Circle* (1981), 67 Ohio St. 2d 19, 23-24 [21 O.O.3d 12], that courts of common pleas have concurrent jurisdiction with municipal courts in forcible entry and detainer actions, did not address the impact of R.C. 1901.181 since the action involved therein arose in 1978 before R.C. 1901.181 took effect.

Co. v. *Arcata National Corp.* (C.A.7, 1977), 552 F. 2d 1257, 1261. The factual backgrounds of the claims need not be identical, as long as they are logically related. *Newburger, Loeb & Co.* v. *Gross* (C.A.2, 1977), 563 F. 2d 1057, 1071. Thus, the question arises whether the allegations of the plaintiff in the present suit constitute compulsory counterclaims to the defendant's Housing Court action in which the present plaintiff is defendant.

It is logical to require the plaintiff to raise her claims in the present case as counterclaims in the Housing Court.[4] For analysis of her contentions reveals that all, including those sounding in tort, arise from complaints stemming from the landlord-tenant relationship. And they concern either the defendant's maintenance of the premises,[5] or actions taken by the defendant in an effort to oust the plaintiff from possession.[6] The common source and overlap in evidence leads to the conclusion that the plaintiff's claims fall within the compulsory counterclaim mandate of Civ. R. 13(A). Exclusive jurisdiction of plaintiff's claims was in the housing division of the municipal court in which the action in forcible entry began.

The assignment of error lacks merit.

### III

The judgment is affirmed.

*Judgment affirmed.*

PARRINO and STILLMAN, JJ., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

---

[4] There can be no question that the Housing Court has jurisdiction to consider all of the plaintiff's claims. For R.C. 1901.181(B) provides:

"(B) A counterclaim or cross-claim does not affect the jurisdiction of the housing division even if the subject matter of the counterclaim or cross-claim would not be within the jurisdiction of the housing division as authorized by this section if it were filed as an original action."

[5] See Counts I and IV of the complaint and the claim for personal injuries made in the supplemental complaint. The latter claim states a cause of action under the theory formulated in *Shroades* v. *Rental Homes* (1981), 68 Ohio St. 2d 20, 25-26 [22 O.O.3d 152]. It sounds in tort but evidence of defendant's compliance or noncompliance with statutory obligations imposed on landlords will need to be adduced to determine whether she tortiously breached the duties imposed by the statute.

[6] See Counts II, III, VI, and VII of the complaint. There is a real question whether Count V of the complaint, alleging the obstruction of United States mail, states a cause of action. Cf. *Sciolino* v. *Marine Midland Bank-Western* (W.D. N.Y. 1979), 463 F. Supp. 128, 131. In any event, the obstructing claim is related to the allegation that the defendant in the present suit intercepted a summons mailed to the plaintiff when she was the defendant in the original forcible entry action which gave rise to the current controversy. Thus, there is an intertwining of claims making them "logically related," (see *Newburger, Loeb & Co., supra*) and highlighting the good sense of disposition of all the claims in the case in one forum.