## Al Castrucci Ford Sales, Inc.
### v.
### Thompson
*[Cite as 7 AOA 519]*

*Case No. CA89-09-077*
*Clermont County, (12th)*
*Decided October 15, 1990*

*Raymond W. Lembke, Taft, Stettinius & Hollister, 1800 Star Bank Center, Cincinnati, Ohio 45202, for Plaintiff-Appellant.*

*Richard D. Schilling, Schilling & Schilling, 58 East Main Street, P. O. Box 68, Amelia, Ohio 45102, for Defendant-Appellee.*

*Per Curiam.*

This is an appeal by plaintiff-appellant, Al Castrucci Ford Sales, Inc, from a judgment of the Clermont County Court in favor of defendant-appellee, James P. Thompson.

Al Castrucci Ford Sales, Inc. ("Castrucci") is an Ohio corporation that operates a car dealership known as Al Castrucci Ford. On March 11, 1986, Thompson took his truck, which had previously been purchased from Castrucci Ford, to the dealership for repairs. Kenneth Castrucci, Castrucci's vice president, called Thompson on April 10, 1986 and told him that repairs had been completed and that he should pick up his truck. Thompson informed him that the truck was still not running properly. Kenneth Castrucci examined the truck and found none of the problems of which Thompson complained. The following day, he called Thompson and told him to remove the truck or else he would charge him for storage. Thompson denies having any conversation with Kenneth Castrucci. On April 29, 1986, Thompson filed a breach of warranty suit against Castrucci seeking to rescind the purchase contract for the truck due to alleged defects. Thompson finally removed the truck from Castrucci Ford's parking lot on June 4, 1987. Because he felt the problems with the truck had been corrected, he dismissed his suit against Castrucci with prejudice On June 10, 1987.

On March 22, 1988, Castrucci filed a complaint against Thompson seeking to recover storage charges and damages for trespass. Thompson filed an answer denying the substantive allegations of the complaint. Prior to trial, the trial court raised the issue of whether Castrucci's claim was barred by *res judicata,* specifically whether it was a compulsory counterclaim pursuant to Civ. R. 13(A) which should have been brought in the prior suit filed by Thompson. Thompson did not plead the defense of *res judicata* in his answer. On January 6, 1988, the day of trial, he made an oral motion

to dismiss based on *res judicata.* Castrucci opposed the motion on the ground that the defense had not been pleaded. At the court's request, the parties submitted joint exhibit 1, a copy of the complaint and notice of dismissal in the prior suit. The factual issues were then tried but little reference was made to the prior suit.

After trial the parties submitted memoranda regarding the issue of *res judicata,* which were requested by the trial court. At that time, Thompson filed a motion to amend his answer to conform to the evidence presented at trial pursuant to Civ. R. 15 (B) to include the defense of *res judicata.* Castrucci opposed this motion.

The trial court issued a written decision stating that Thompson was entitled to file an amended answer setting forth additional defenses and that the court had considered those defenses in rendering its decision. It found that Castrucci's complaint was a mandatory counterclaim in the prior suit and that it was therefore barred. This appeal followed.

In its sole assignment of error, Castrucci states that the trial court erred by entering judgment in favor of Thompson on the basis that its claim was a compulsory counterclaim which should have been raised in the prior action. Castrucci argues that its claim for storage charges was not complete at the time of the prior suit and that its claim did not arise from the same transaction that was the subject of the prior suit. It further argues that Thompson waived the defense of *res judicata.* We find this assignment of error is not well-taken.

Civ. R. 13(A) provides in pertinent part:

"*** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. ***"

An unasserted compulsory counterclaim is barred in any subsequent suit by the doctrine of *res judicata. Geauga Truck & Implement Co. v. Juskiewicz* 24 (1984), 9 Ohio St; 3d 12, 14; *Quintus v. McClure* (1987), 41 Ohio App. 3d 402, 403-04. The Ohio Supreme Court has set forth a two-pronged test for determining whether a claim is a compulsory counterclaim under Civ. R. 13(A): "(1) does the claim exist at the time of serving the pleading ***, and (2) does the claim arise out of the transaction or occurrence that is the subject matter of the opposing claim." *Geauga Truck, supra,* at 14.

Thompson filed his complaint against Castrucci on April 29, 1986. Castrucci filed its answer in that action on May 28, 1986 but did not file a counterclaim. In the present case, Castrucci alleged in its complaint that storage charges were owed from the date that Thompson "was notified that Castrucci had completed its work on the truck," which was April 10, 1986. Castrucci's claim for storage charges existed at the time it filed its answer to Thompson's complaint on May 28, 1986. Accordingly, the first prong of the test is satisfied.

As to the second prong of the test, courts interpreting Fed. R. Civ. P. 13(a), which is identical to the Ohio rule, have generally agreed that the words "transaction or occurrence" should be liberally interpreted to carry out the purpose of the rule, which is to avoid a multiplicity of suits. *Warshawsky & Co. v. Arcata National Corp.* (C.A.7, 1977), 552 F.2d 1257, 1261; see also, *Maduka v. Parries* (1984), 14 Ohio App. 3d 191, 192-93. Accordingly, the factual backgrounds of the claims need not be identical as long as they are logically related. *Maduka, supra,* at 193; *McCord v. Costy* (Dec. 7, 1987), Clermont App. No. CA87-05-036, unreported. "Although several tests have been suggested, primary focus is attached to a flexible test of reviewing the transaction to determine whether there is any logical relationship between the claim and the counterclaim." *Eastman v. Benchmark Minerals, Inc.* (1986), 34 Ohio App. 3d 255, 257.

In the prior suit, Thompson alleged that defects in the truck constituted "a non-conformity with the express warranty provided by [Castrucci] to [Thompson], as well as implied warranties of merchantability and fitness for a particular purpose." It also alleged that he had provided Castrucci with notice that he wished to rescind the purchase contract for the truck due to its defective condition. In the present case, Thompson testified that he left the truck on Castrucci's lot because the defects had not been repaired and that he had intended to leave it there until it was satisfactorily repaired. He also testified that he never received a call from Castrucci telling him to remove his truck or he would be assessed storage charges. Under the circumstances, we find that the issue of whether

storage charges and damages for trespass were justified is logically related to the issue of whether the truck was defective and whether these defects were adequately repaired.

Castrucci argues that since in the prior action Thompson alleged that he gave notice to Castrucci of his intent to rescind the purchase contract on April 11, 1986, the facts at issue in that suit necessarily occurred prior to that date. However, Castrucci's claims relate solely to events after April 11, 1986, when Castrucci allegedly told Thompson to remove his truck from Castrucci's premises or incur storage charges. Thus, it argues, the two suits did not involve the same transaction. We disagree. "As a word of flexible meaning, 'transaction' may comprehend a series of many occurrences, depending not so much upon the immediateness upon their connection as upon their logical relationship." *Warshowsky, supra,* at 1261. We find that Castrucci's claim arose out of the same transaction or occurrence that was the subject matter of the prior suit. Accordingly, the second prong of the test is satisfied.

In sum we hold that Castrucci's claim was a compulsory counterclaim which should have been brought in the prior suit. Castrucci's claim is therefore barred by the doctrine of *res judicata* and the trial court did not err in entering judgment in favor of Thompson.

Castrucci also argues that Thompson waived the defense of *res judicata* because he failed to plead it. Civ. R. 8(C) provides that in a responsive pleading, "a party shall set forth affirmatively *** *res judicata* *** and any other matter constituting an avoidance or affirmative defense." The use of the word "shall" indicates that an affirmative defense may be waived if not pleaded. *Hoover v. Sumlin* (1984), 12 Ohio St. 3d 1, 4; see also, *State, ex rel. Auto Loan Co., v. Jennings* (1968), 14 Ohio St. 2d 152, 160; *Clark v. Baranowski* (1924), 111 Ohio St. 436, paragraph three of the syllabus. Further, *res judicata* is not a defense listed in Civ. R.12(B) that can be raised by motion. *Johnson v. Linder* (1984), 14 Ohio App. 3d 412, 414.

Nevertheless, the failure to plead an affirmative defense is not necessarily fatal. A party may appropriately raise an affirmative defense in an amended pleading pursuant to Civ. R. 15. *Hoover, supra,* at 5. Moreover, Civ. R. 15 expresses a liberal policy toward the allowance of amendments. *Hall v. Bunn* (1984), 11 Ohio St.

3d 118, 121; *State, ex rel. Evans, v. Bainbridge Twp. Trustees* (1983), 5 Ohio St. 3d 41, 44.

Thompson filed a motion to amend his answer after trial pursuant to Civ. R. 15(B), which provides:

"*** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

The decision whether to grant or deny a Civ. R. 15(B) motion to amend pleadings is within the discretion of the trial court. That discretion will not be disturbed in the absence of a "gross abuse" of discretion. *Spisak v. McDole* (1984), 15 Ohio St. 3d 62, 63; *Northfield Park Associates v. Northeast Ohio Harness* (1987), 36 Ohio App. 3d 14, 24. However, an amendment to the pleadings will not be permitted when it results in substantial prejudice to a party. *Hall, supra,* at 121; *Bainbridge, supra,* at 45.

Accordingly, Castrucci had the burden to satisfy the court that the amendment was prejudicial, *Spisak, supra,* at 63, a burden which Castrucci failed to meet. Castrucci was not prejudiced by the addition of the *res judicata* defense as it faced no obstacle by the amendment which it would not have faced had the original pleading raised the defense. See *Hoover, supra,* at 6. Further, Castrucci was clearly aware of the previous action. In fact, it argued in a pre-trial memorandum that the prior action by Thompson prevented him from raising "the alleged defective condition of his truck that was the subject of the previous action" as a defense to Castrucci's claim for storage charges. Even though requested by the trial judge, the joint

522

exhibit, the complaint and voluntary dismissal in the previous case, was stipulated by the parties. Castrucci had the opportunity to present any evidence it wished regarding the previous action and had an opportunity to completely argue the issue. In sum, the amendment did not prevent Castrucci from presenting its case on the merits. See *Hall, supra,* at 121. We find no abuse of discretion by the trial court in allowing the amendment. Accordingly, Castrucci's sole assignment of error is overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

YOUNG, P.J., HENDRICKSON and KOEHLER, J.J., concur.