**KEITH A. KEISSER INSURANCE AGENCY, et al., Plaintiff**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, et al., Defendant**

No. 3:02–CV–7479.

United States District Court, N.D. Ohio, Western Division.

Feb. 24, 2003.

Meredith L. Mercurio, Stephen M. Dane, Cooper & Walinski, Toledo, OH, for Keith Keisser Insurance Agency, Inc., Keith Keisser, Plaintiffs.

Randolph C Wiseman, Bricker & Eckler, Columbus, OH, Nationwide Mutual Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Life Insurance Company, Nationwide General Insurance Company, Nationwide Property and Casualty Insurance Company, Nationwide Life and Annuity Company, fka Nationwide Variable Life Insurance Company, Nationwide Assurance Company, fka Colonial Insurance Company of California, Defendants.

### ORDER

CARR, District Judge.

This is a suit by a former agent of the defendants and his insurance agency against Nationwide Mutual Insurance Company and several of its affiliated companies. This court's jurisdiction is based on the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, violation of which plaintiffs allege in the third count of their complaint.

The other five counts assert claims under state law. Those claims allege: breach of a "Corporate Agency Agreement" between the parties, based on the defendants' denial of plaintiffs' access to defendants' computer system; anticipatory breach of contract, theft, and conversion, based on defendants' alleged refusal to pay deferred compensation and compensation credits and extended earnings under the Corporate Agency Agreement; trademark infringement under Ohio common law; violation of the Ohio Deceptive Trade Practices Act, O.R.C. §§ 1345.01 *et seq.*; and breach of contract, based on defendants' alleged failure to remove plaintiffs' names from various business materials.

Pending is defendants' motion to dismiss based on the contention that plaintiffs' claims should have been asserted as counterclaims in a suit brought by the defendants against the plaintiffs in the Court of Commons Pleas for Franklin County, Ohio. The claims in that suit are for: replevin of documents and materials; conversion of materials; breach of contract, based on the Corporate Agency Agreement, a "Systems Service and Support Agreement," and "Agency Code of Ethics," and a "Financial Services Compliance Manual," based, in turn on plaintiff's retention of property and use of policyholder information; unjust enrichment; and declaratory judgment, seeking return of records and other materials.

Defendants contend that plaintiffs' claims are compulsory counterclaims under Ohio R. Civ. P, 13(A), and must have been asserted when plaintiffs filed their answer in the state court action. Instead of filing counterclaims in that suit, plaintiffs sought to have venue transferred from Franklin County, where some or all of the defendants are located, to Lucas

County, where the plaintiffs reside. After the Franklin County court denied that motion, plaintiffs brought this suit.

For the reasons that follow, I agree that the plaintiffs' claims are compulsory counterclaims, and should have been asserted in the Franklin County suit brought by the defendants. The defendants' motion to dismiss shall, accordingly, be granted.

■ Under Rule 13(A) all existing claims between litigants arising out of the same transaction or occurrence must be litigated in a single suit. In this case, the parties agree that the plaintiffs' claims existed at the time defendants filed their state court action. They disagree as to whether the claims arise from the same transaction or occurrence.

The Ohio Supreme Court defined the standard for determining whether claims arise from the same transaction or occurrence in *Rettig Enterprises, Inc. v. Koehler*, 68 Ohio St.3d 274, 278–79, 626 N.E.2d 99 (1994):

> In determining whether claims arise out of the same transaction or occurrence, courts most frequently utilize the "logical relation" test. Under this test, "[a] compulsory counterclaim is one which 'is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts.' "

The logical relation test comports with the object and purpose of Civ.R. 13(A), viz., to avoid a multiplicity of actions and to achieve a just resolution by requiring in one lawsuit the litigation of all claims arising from common matters. This test is also useful in the flexibility it affords:

> " 'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending

not so much upon the immediateness of their connection as upon their logical relationship. * * * That they are not precisely identical, or that the counterclaim embraces additional allegations * * * does not matter. To hold otherwise would be to rob this branch of the rule of all serviceable meaning, since the facts relied upon by the plaintiff rarely, if ever, are, in all particulars, the same as those constituting the defendant's counterclaim."

Thus, multiple claims are compulsory counterclaims where they "involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties." *Great Lakes Rubber Corp. v. Herbert Cooper Co., supra*, 286 F.2d 631, 634 (3rd Cir. 1961).

(Citations omitted).

I conclude that the plaintiffs' claims in this case are logically related to the defendants' claims in the state court action. They all arise from the parties' former relationship of principal and agent. At the core of both sets of claims is the contention that the other party breached one or more of their contractual obligations to the other. The individual claims, whether state or federal, contract or tort, common law or statutory, arise from that relationship and share that common core. Plaintiffs' arguments to the contrary and their attempt to break the nexus between their claims and defendants' claims in the state court action are not persuasive.

Those arguments, moreover, find no support in cases decided since *Rettig* and applying its logical relation test.

■ As noted in *Sherman v. Pearson*, 110 Ohio App.3d 70, 74, 673 N.E.2d 643 (1996), "a tort claim may be a compulsory

counterclaim in a contract action." Thus, in *Koukios v. Marketing Dynamics, Inc.* 1994 WL 481769, \*3 (unreported), the court held that a tort claim for conversion of trade secrets was a compulsory counterclaim in an action for breach of contract. "The difference in the nature of the actions is not paramount," the court stated in *Sherman*, "rather, the issue is whether the two claims have a sufficient legal or factual nexus to satisfy the 'logical-relation' test." 110 Ohio App.3d at 74, 673 N.E.2d 643. Plaintiffs' federal Lanham Act claim, over which Ohio courts have concurrent jurisdiction, *e.g., In re Keasbey & Mattison Co.,* 160 U.S. 221, 230, 16 S.Ct. 273, 40 L.Ed. 402 (1895); *Duggan's Funeral Service, Inc. v. Duggan's Serra Mortuary, Inc.,* 80 Cal.App.4th 151, 157, 95 Cal.Rptr.2d 253 (2000), is similar in essence to the conversion of trade secrets claim in *Koukios*. The Lanham Act claim is, accordingly, a compulsory counterclaim vis-a-vis defendants' breach of contract claim, even though it is based on a federal statute and sounds in tort, rather than in contract.

■ Other Ohio decisions make equally clear that the nature of the cause of action is not determinative: what matters is that the facts on which the claims, however denominated, "intertwine," *Fields v. Anderson,* 1994 WL 579861, \*4 (unreported), because they share a common set of facts material to all claims. *See id.,* 1994 WL 579861, \*4 (Ohio App.) (unreported) (claim based on beating following an accident was a compulsory counterclaim in suit for damages from the accident); *Lewis v. Sabina Bank,* 1997 WL 327584, \*3 (Ohio App.1997) (unreported) (breach of contract and abuse of privilege claims were compulsory counterclaims in suit for foreclosure); *Sunset and Vine Corp. v. Gourmet of China–Sylvania, Inc.,* 1995 WL 386491 (Ohio App.1995) (unreported) (claim of tortious business interference was a compulsory counterclaim in a cognovit judgment action).

Claims have also been deemed to be compulsory where, as here, they arise from the parties' former occupational relationship. Thus, in *Morgan Adhesives Co. Inc. v. Datchuk,* 2001 WL 7383, \*2 (Ohio App.2001) (unreported), the court held that a former employee's claims for handicap discrimination and retaliation were compulsory counterclaims in his former employer's suit for fraud and falsification.

In addition, even if these decisions did not make clear that plaintiffs' claims are compulsory counterclaims vis-a-vis defendants' state court suit, the need to avoid inconsistent adjudications considerations of judicial economy would lead to the same conclusion. Each suit involves construction of the Corporate Agency Agreement and other contractual understandings between the parties. Whenever two courts look at the same contract, differing interpretations are possible, even if not likely. Even if both courts read the contract in the same way, one of them will have spent its time doing so unnecessarily. This is the sort of exercise that the compulsory counterclaim rule seeks to avoid, just as it also seeks to prevent inconsistent outcomes.

In light of the foregoing, I conclude that plaintiffs' claims in this case had to have been asserted as counterclaims in the defendants' Franklin County suit.

It is, therefore,

ORDERED THAT defendants' motion to dismiss be, and the same hereby is granted, without prejudice to plaintiffs' right to seek leave to amend their answer in the action presently pending in the Court of Common Pleas for Franklin County, Ohio.

So ordered.