[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiff-appellant Charlotte Conway alleged that on December 24, 1999, she sustained personal injuries from a malfunctioning stove in an apartment she rented from defendant-appellee Louis Rosiello. On January 13, 2000, Rosiello filed an eviction action against Conway in which he also sought unpaid rent. On January 21, the municipal court issued a writ of restitution to Rosiello. The court entered a default judgment against Conway for the unpaid rent on March 7, 2000.
{¶ 3} On December 21, 2001, Conway filed a complaint against Rosiello in the court of common pleas for damages caused by the malfunctioning stove, which she alleged had been negligently maintained. In response, Rosiello filed a motion for summary judgment on the basis that Conway's negligence claim was a compulsory counterclaim that should have been asserted in the prior eviction action. On August 30, 2002, the trial court granted summary judgment in favor of Rosiello and dismissed Conway's action.
{¶ 4} Conway timely appeals the trial court's judgment and brings one assignment of error in which she challenges the trial court's dismissal of her personal-injury claim. Conway argues that the trial court erred in considering the claim to be a compulsory counterclaim that should have been asserted as part of Rosiello's eviction action. Specifically, Conway asks this court to reconsider our holding in Shermanv. Pearson.[1] We decline to accept Conway's invitation to reconsiderSherman.
{¶ 5} In Sherman, we held that a subsequent tort action filed by a tenant against a landlord is barred as a compulsory counterclaim, where the claim is logically related to a prior contract action.[2] In Haneyv. Roberts, however, the Fourth Appellate District held that where a landlord files a claim for forcible entry and detainer and does not join that claim with any other claim requiring a response, a subsequent personal-injury claim is not barred as a compulsory counterclaim.[3] The Fourth Appellate District distinguished Sherman by stating that while a compulsory counterclaim under "Civ.R. 13(A) is inapplicable to [a] forcible entry and detainer action, it is applicable to a suit for back rent."[4]
{¶ 5} In this case, Rosiello joined a claim for unpaid rent to his forcible-entry-and-detainer claim, making Civ.R. 13(A) applicable. Because Conway's personal-injury claim was logically related to the rights and duties arising out of the rental agreement and the prior action brought by Rosiello, we overrule Conway's assignment of error and affirm the judgment of the trial court on the authority of Sherman.
{¶ 6} Therefore, the judgment of the trial court is affirmed.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] (1996), 110 Ohio App.3d 70, 673 N.E.2d 643.
[2] See id. at 75.
[3] (1998), 130 Ohio App.3d 293, 300, 720 N.E.2d 101.
[4] Id.