[Cite as *Wilson v. Jo-Ann Stores, Inc.*, 2012-Ohio-2748.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SUE WILSON, et al.

    Appellants

    v.

JO-ANN STORES, INC., et al.

    Appellees

C.A. No.     26154

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011 02 0637

DECISION AND JOURNAL ENTRY

Dated: June 20, 2012

WHITMORE, Presiding Judge.

{¶1}   Plaintiff-Appellants, Sue Wilson and Jeffrey Vano (collectively "Employees"), appeal from the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellees, Jo-Ann Stores, Inc. ("Jo-Ann Stores"), Richard Chapman, Rachel Wright, and LaTonya Myers (collectively "Jo-Ann"). This Court reverses.

I

{¶2}   Wilson worked for Jo-Ann Stores until the summer of 2007 when, according to Wilson, Jo-Ann Stores constructively discharged her due to her age. Vano worked alongside Wilson during her employment with Jo-Ann. According to Vano, he opposed Jo-Ann Stores' unlawful treatment of Wilson and, in the fall of 2007, Jo-Ann Stores retaliated by wrongfully discharging him. Employees originally filed suit against Jo-Ann Stores in February 2009, claiming four causes of action: unlawful discrimination, retaliatory discharge, aiding and abetting unlawful discrimination, and intentional infliction of emotional distress. Subsequently,

Jo-Ann Stores learned that Employees were in possession of several hundred internal documents/company records they retained after their respective discharges. Jo-Ann Stores filed a counterclaim for replevin against Employees, seeking the return of the documents.

{¶3} Employees returned the documents in their possession to Jo-Ann Stores, but never responded to the counterclaim. Jo-Ann Stores moved for a default judgment on its replevin counterclaim, as well as for summary judgment on Employees' claims against it. Rather than respond to the motion for summary judgment, Employees voluntary dismissed their claims without prejudice. Employees also sought leave to respond to the replevin action, but the trial court denied the motion for leave as Employees waited until the morning of the default hearing to file it. The court then granted the motion for default. Because Jo-Ann Stores already had possession of the documents at issue, the court only awarded Jo-Ann Stores damages for the mileage costs it incurred in filing its claim and ordered Employees to pay the costs associated with the action.

{¶4} On February 1, 2011, Employees filed suit against Jo-Ann, naming the same four causes of action set forth in their original complaint. Jo-Ann filed a motion for summary judgment. In the motion, Jo-Ann argued that Employees were required to pursue their claims in the previous suit that resolved Jo-Ann Stores' replevin claim and res judicata now barred their compulsory claims. Employees filed a memorandum in opposition, and Jo-Ann replied. On October 6, 2011, the trial court granted Jo-Ann's motion for summary judgment.

{¶5} Employees now appeal from the trial court's summary judgment ruling and raise a single assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE EMPLOYERS SINCE IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO HOLD THAT WILSON AND VANO'S CLAIMS WERE COMPULSORY COUNTERCLAIMS TO THE REPLEVIN CLAIM.

{¶6}    In their sole assignment of error, Employees argue that the trial court improperly granted Jo-Ann's motion for summary judgment.  Employees assert that they were not required to bring their claims against Jo-Ann in the previous replevin suit because their claims were not compulsory counterclaims.  We agree.

{¶7}    This Court reviews an award of summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).  The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996).  Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C).  *Id.*  Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial.  *Id.* at 293.  The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary

material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶8} Civ.R. 13(A) governs compulsory counterclaims. "All existing claims between opposing parties that arise out of the same transaction or occurrence must be litigated in a single lawsuit pursuant to Civ.R. 13(A), no matter which party initiates the action." *Rettig Enterprises, Inc. v. Koehler*, 68 Ohio St.3d 274 (1994), paragraph one of the syllabus. Civ.R. 13(A) "will bar any future effort to bring a claim if it is determined that it should have been brought as a compulsory counterclaim in an earlier suit." *Meadows v. Hicks*, 9th Dist. No. 23574, 2008-Ohio-1802, ¶ 12. The rule sets forth a two-prong test: "(1) does the claim exist at the time of serving the pleading * * *; and (2) does the claim arise out of the transaction or occurrence that is the subject matter of the opposing claim." *Rettig Enterprises, Inc.* at 277, quoting *Geauga Truck & Implement Co. v. Juskiewicz*, 9 Ohio St.3d 12, 14 (1984). "If both prongs are met, then the present claim was a compulsory counterclaim in the earlier action and is barred by virtue of Civ.R. 13(A)." *Rettig Enterprises, Inc.* at 277.

{¶9} Both parties agree and the record reflects that the first prong of the test set forth in *Rettig* and Civ.R. 13(A) is not at issue here because Employees' claims existed at the time Jo-Ann filed its replevin counterclaim in 2009. The only question is whether Employees' claims arise out of the transaction or occurrence that was the subject matter of Jo-Ann's replevin counterclaim in the previous action. *See id.* at 278. "The Ohio Supreme Court has used the 'logical relation test' for deciding whether claims 'arise out of the same transaction or occurrence' as required by [Civ.R.] 13(A)." *Meadows* at ¶ 15.

{¶10} Under the logical relation test, "[a] compulsory counterclaim is one which 'is logically related to the opposing party's claim where separate trials on each of their respective

claims would involve a substantial duplication of effort and time by the parties and the courts.'" *Rettig Enterprises, Inc.* at 278, quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir.1961). The test seeks to "avoid a multiplicity of actions and to achieve a just resolution by requiring in one lawsuit the litigation of all claims arising from common matters." *Rettig Enterprises, Inc.* at 278. It "does not require that the respective claims be 'precisely identical,' nor does it exclude counterclaims that 'embrace[] additional allegations.'" *Meadows* at ¶ 15, quoting *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926). "[M]ultiple claims are compulsory counterclaims where they 'involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties.'" *Rettig Enterprises, Inc.* at 279, quoting *Great Lakes Rubber Corp.*, 286 F.2d at 634.

{¶11} Jo-Ann moved for summary judgment on the basis that Employees' claims were logically related to the replevin counterclaim that Jo-Ann litigated against Employees in the prior action. As previously noted, Employees initially brought suit against Jo-Ann Stores and later Jo-Ann on the same four bases: unlawful discrimination, retaliatory discharge, aiding and abetting unlawful discrimination, and intentional infliction of emotional distress. Those claims are distinctly different from one seeking replevin. A replevin suit simply seeks to recover goods from one who wrongfully retains them at the time the suit is filed. *Schneider v. Schneider*, 178 Ohio App.3d 264, 2008-Ohio-4495, ¶ 14 (9th Dist.). Replevin does not even require an "unlawful taking." *Id.* The plaintiff in replevin need only prove that he is entitled to certain property and that the property is in the defendant's possession. *Id.* Conversely, discrimination cases typically rely upon circumstantial evidence and present the trier of fact with a question that "is both sensitive and difficult." *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716

(1983), *not followed in part on state law grounds*, *Williams v. Akron*, 107 Ohio St.3d 203, 2005-Ohio-6268. Discrimination and retaliatory discharge claims both involve burden-shifting tests. *Pintagro v. Sagamore Hills Twp.*, 9th Dist. No. 25697, 2012-Ohio-2284, ¶ 11; *Gordon v. Universal Electronics, Inc.*, 9th Dist. No. 18071, 1997 WL 625485, *2-3 (Oct. 1, 1997). By their very nature, they are far more complex than replevin claims. And while the logical relation test does not require claims to be "precisely identical," it is noteworthy that, from an elemental standpoint, claims of discrimination and replevin lack even the slightest resemblance. *Meadows*, 2008-Ohio-1802, at ¶ 15, quoting *Moore*, 270 U.S. at 610.

{¶12} The record does not disclose the specific facts underlying Jo-Ann Stores' previous replevin claim. The answer in which Jo-Ann Stores asserted replevin as a counterclaim is not attached to Jo-Ann's motion for summary judgment or any other filing in the record. While the previous judgment entry granting default judgment in favor of Jo-Ann Stores is a part of the record, the entry only briefly describes the underlying basis for the replevin claim. The record discloses that Employees possessed hundreds of internal documents from Jo-Ann Stores and, as of the time of their respective discharges, Employees were no longer entitled to possess those documents. It is undisputed that Employees returned the documents after Jo-Ann Stores filed the replevin claim. Further, none of the parties even remotely suggested in their summary judgment filings that the documents in any way substantiated or bore upon Employees' claims (e.g., that Employees were discharged because they wrongfully retained documents). *Compare Keith A. Keisser Ins. Agency, Inc. v. Nationwide Mut. Ins. Co.*, 246 F.Supp.2d 833 (N.D.Ohio 2003) (replevin bore logical relationship to claims for theft, conversion, and trademark infringement where plaintiff allegedly retained and used company documents for his own benefit). The record supports the conclusion that only a tangential relationship existed between the documents and

Employees' discharges. That is, Employees' entitlement to the possession of the documents ended once the employment relationship ended.

{¶13} The trial court determined and Jo-Ann maintains that Employees' claims were compulsory counterclaims because they were "offshoots of the same basic controversy between the parties." *Rettig Enterprises, Inc.*, 68 Ohio St.3d at 279, quoting *Great Lakes Rubber Corp.*, 286 F.2d at 634. We do not agree that the claims are offshoots of the same basic controversy. Viewing all of the claims in the absolute broadest sense, it is true that the replevin claim would not have arisen but for the termination of the employment relationship. Yet, that is the ending point of their relationship to one another. The replevin could have arisen regardless of the reason for Employees' departures from Jo-Ann Stores, as a replevin claim does not require proof that a taking was unlawful. *Schneider*, 178 Ohio App.3d 264, 2008-Ohio-4495, at ¶ 14. Moreover, Employees' claims could be resolved without any regard for the resolution of the replevin claim. *Compare Fields v. Anderson*, 2d Dist. No. 14113, 1994 WL 579861, *4 (Oct. 19, 1994) (claims offshoots of the same basic controversy when one could not possibly be resolved without considering the subject matter of the other). Trying Employees' claims and the replevin claim separately would not involve "a substantial duplication of effort and time by the parties and the courts." *Rettig Enterprises, Inc.* at 278, quoting *Great Lakes Rubber Corp.*, 286 F.2d at 634. We must conclude, therefore, that Employees were not required to bring their claims as compulsory counterclaims in the previous replevin action.

{¶14} Because Employees' claims are not barred by Civ.R. 13(A), Jo-Ann was not entitled to summary judgment on that basis. The trial court erred in its application of *Rettig Enterprises, Inc.* and improperly granted Jo-Ann's motion for summary judgment. Consequently, Employees' sole assignment of error is sustained.

III

{¶15} Employees' sole assignment of error is sustained.  The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

BETH WHITMORE
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

ROBERT B. KAPITAN and JOSEPH A. CONDENI, Attorneys at Law, for Appellant.

JOHN W. MCKENZIE, THOMAS EVAN GREEN, and JULIE A. TROUT, Attorneys at Law, for Appellee.