Hoffman, J., dissenting
{¶36} The majority opinion thoroughly and succinctly sets forth the test to be applied in determining whether Appellant's claim for personal injury is or is not a compulsory counterclaim. And, the majority cites ample authority from four other Appellate Districts within Ohio, which have reached the same conclusion it does.[1] While it would seem a simple matter to merely concur based upon the sheer volume of this case law precedent, I am not yet fully persuaded of the ultimate result in this case. Accordingly, I offer my analysis.
{¶37} I begin by readily conceding certain points. First, Appellant's claim clearly could have been filed as a counterclaim in the forcible and detainer action. Second, Civ.R. 13(A) is applicable to a forcible entry *1058 and detainer actions when a claim for back rent and/or damages to the rental premises is sought. Third, Appellant's personal injury action and Appellee's previous municipal court action rise from a common source, their landlord-tenant relationship.[2]
{¶38} The question that must be answered is whether there exists a "logical relation" between the two claims; i.e. , do they arise out of the same transaction or occurrence that was the subject matter of Appellee's earlier action.
{¶39} Would separate trials of Appellee's claim for back rent or damage to the rental property require a substantial duplication of effort and time by the parties or courts to try Appellant's personal injury claim separately? I think not.
{¶40} Although the establishment of the landlord-tenant relationship would be needed in both actions, it would seem to be necessarily conceded given the nature of both claims and likely stipulated.
{¶41} Appellee's claims for back rent and/or damages to the leased premises would be irrelevant to Appellant's personal injury claim, other than possibly to offset damages. Appellant's personal injury claim would require evidence that would likewise be irrelevant to Appellee's claim for damages in the underlying forcible entry and detainer action. I see little, if any, real threat of "substantial duplication" of evidence or effort if separate trials were to be held.
{¶42} It seems clear litigation of Appellee's claim for damages in municipal court did not involve a point of law or fact that would need be in Appellant's personal injury claim. I do not find a logical relationship exists between the two actions sufficient to support a determination Appellant's personal injury action was a compulsory counterclaim.

I find Judge Painter's dissent in one of the cases cited by the majority, Sherman v. Pearson , 110 Ohio App.3d 70, 673 N.E.2d 643 (1966), persuasive.

While Appellant's claim is premised on the Landlord-Tenant act, Appellees damages claim would be premised on a violation of the lease agreement.