[Cite as *Rheinhold v. Reichek*, 2014-Ohio-31.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99973**

# BARBARA RHEINHOLD

PLAINTIFF-APPELLANT

vs.

# EDWARD R. REICHEK, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-782576

**BEFORE:** Kilbane, J., S. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 9, 2014

**ATTORNEYS FOR APPELLANT**

Paul W. Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113

W. Craig Bashein
Anthony N. Palombo
Bashein & Bashein Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

**For Edward R. Reichek**

Steven G. Janik
Janik L.L.P.
9200 South Hills Boulevard
Suite 300
Broadview Heights, Ohio 44147

**For Dollar Bank**

Adam M. Fried
Holly Marie Wilson
Reminger Co., L.P.A.
101 West Prospect Avenue
Suite 1400
Cleveland, Ohio 44115

MARY EILEEN KILBANE, J.:

**{¶1}** Plaintiff-appellant, Barbara Rheinhold ("Rheinhold"), appeals from the trial court's decision granting a motion to dismiss for lack of subject matter jurisdiction in favor of defendant-appellee, Dollar Bank.   For the reasons set forth below, we affirm.

**{¶2}** In May 2012, Rheinhold filed a complaint against her mother, Debra Pickering ("Pickering"), Edward Reichek, Esq. ("Reichek"), and Dollar Bank in the Cuyahoga County Court of Common Pleas, General Division.   Rheinhold's complaint arises from a monetary settlement she received after she was injured in a car accident in 1999.   Rheinhold was seven years old at the time of the accident.   As a result, the settlement proceeds were deposited into a guardianship account at Dollar Bank, which was administered by the Cuyahoga County Probate Court.   Pickering was appointed the guardian of Rheinhold's estate.   The guardianship was set to terminate when Rheinhold reached the age of majority (18 years old).   As of November 2008, the funds in the account totaled $16,383.38.

**{¶3}** On January 11, 2010, Pickering, as guardian, and Reichek, as attorney for guardian, filed an application in probate court to terminate the guardianship and authority to distribute the funds, stating that Rheinhold "attained the age of 18 on January 7, 2010."  The application included a waiver, indicating that Rheinhold waived service and notice and consented to the application to terminate guardianship.   Rheinhold alleges that this waiver was not signed by her.   She further alleges she did not have knowledge that the

application was filed with regard to her estate.  On January 14, 2010, the probate court granted this application and Dollar Bank released the funds to Pickering, which totaled $16,485.65.

{¶4}  In her complaint, Rheinhold asserts six causes of action.  Count 1 alleges conversion against Pickering, Reichek, and Dollar Bank.  Count 2 alleges fraud against Pickering.  Count 3 alleges negligence and legal malpractice against Reichek.  Count 4 alleges civil liability for criminal conduct against Pickering.  Count 5 alleges breach of fiduciary duties against Pickering and Reichek.  Count 6 alleges statutory liability against Dollar Bank.  She seeks monetary damages.

{¶5}  In July 2012, Dollar Bank filed a motion to dismiss Rheinhold's complaint under Civ.R. 12(B)(1) and (B)(6).  Dollar Bank argued that this matter is within the exclusive jurisdiction of probate court.  Alternatively, Dollar Bank argued Rheinhold failed to state a claim because it is shielded from liability for releasing funds under R.C. 5815.06.  Rheinhold opposed, and the trial court in a detailed opinion granted Dollar Bank's motion for lack of subject matter jurisdiction.  The trial court found that Rheinhold's "claims arise from the alleged misappropriation of funds from an account created by and for a guardianship.  * * * [T]his matter pertains to guardian, and is therefore improperly before this Court."

{¶6}  It is from this order that Rheinhold appeals, raising the following single assignment of error for review.

Assignment of Error

The trial judge erred, as a matter of law, by dismissing the action on the grounds that only the probate division possesses jurisdiction over the claims that have been raised.

## Standard of Review

{¶7} We review a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction under a de novo standard of review. *Bank of Am. v. Macho*, 8th Dist. Cuyahoga No. 96124, 2011-Ohio-5495, ¶ 7, citing *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 936, 746 N.E.2d 222 (10th Dist.2000). In order to dismiss a complaint under Civ.R. 12(B)(1), the court must determine whether a plaintiff has alleged any cause of action that the court has authority to decide. *Crestmont* at 936. When determining its subject matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss, the trial court is not confined to the allegations of the complaint and may consider material pertinent to such inquiry. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 358 N.E.2d 526 (1976), paragraph one of the syllabus.

## Subject Matter Jurisdiction

{¶8} Rheinhold argues that probate court does not have jurisdiction over her claims for monetary damages against a former guardian, attorney, and financial institution. Dollar Bank argues that Rheinhold's claims are within the jurisdiction of probate court because Rheinhold's claims center on Pickering's conduct as guardian, the

probate court's approval of the release of the estate funds, and Dollar Bank's alleged mishandling, which enabled Pickering to obtain the funds.

{¶9}   Under R.C. 2101.24(A)(1)(e), a probate court has exclusive jurisdiction to "appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts."   It also "has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."   R.C. 2101.24(C).

{¶10} The Ohio Supreme Court has stated that the probate division has continuing and exclusive jurisdiction over all matters pertaining to a guardian and ward.  *In re Clendenning*, 145 Ohio St. 82, 92, 60 N.E.2d 676 (1945).   Indeed, the probate court's jurisdiction extends "to all matters 'touching the guardianship.'"   *In re Guardianship of Jadwisiak*, 64 Ohio St.3d 176, 180, 593 N.E.2d 1379 (1992), quoting *In re Zahoransky*, 22 Ohio App.3d 75, 488 N.E.2d 944 (1985).   Therefore, in the instant case, the issue of jurisdiction turns upon whether Rheinhold's claims "touch upon the guardianship."

{¶11} In *State ex rel. Lewis v. Moser*, 72 Ohio St.3d 25, 1995-Ohio-148, 647 N.E.2d 155, the Ohio Supreme Court rejected a challenge to the probate court's jurisdiction to decide a claim for breach of fiduciary duties even though the relator sought monetary damages.   The court adopted the view that:   (1) claims for breach of fiduciary duty, which inexorably implicate control over the conduct of fiduciaries, are within the jurisdiction of the probate court by virtue of R.C. 2101.24(A)(1)(c) and (e), and (2) the

probate court's plenary jurisdiction at law and in equity under R.C. 2101.24(C) authorizes any relief required to fully adjudicate the subject matter within the probate court's exclusive jurisdiction. *Id.* at 28-29. This broad statutory grant of authority to fully resolve matters properly before it includes the power to award monetary damages. *Goff v. Ameritrust Co., N.A.*, 8th Dist. Cuyahoga No. 65196, 1994 Ohio App. LEXIS 1916 (May 5, 1994) (cited in *Lewis* for holding that R.C. 2101.24(C) authorizes any relief that is required to fully adjudicate a claim within the probate court's jurisdiction).

{¶12} Since *Lewis*, this court, as well as other appellate courts, have rejected the proposition that probate courts cannot award monetary damages for claims that are within the exclusive jurisdiction of the probate court, such as claims based upon the conduct of a guardian. *See Rowan v. McLaughlin*, 8th Dist. Cuyahoga No. 85665, 2005-Ohio-3473, ¶ 9 (where we affirmed the common pleas court's dismissal of complaint for lack of jurisdiction because claims for monetary damages pertaining to conduct of guardian were within jurisdiction of probate court); *Ohio Farmers Ins. Co. v. Bank One*, 2d Dist. Montgomery No. 16981, 1998 Ohio App. LEXIS 3854, *22 (Aug. 21, 1998) ("we hold that probate courts in some instances may award monetary damages in the exercise of their plenary power to adjudicate fully any matter properly before the court."); *Keith v. Bringardner*, 10th Dist. Franklin No. 07-AP-666, 2008-Ohio-950 (appellant's claims of intentional infliction of emotional distress, abuse of process, negligence, conversion, and civil conspiracy revolve around appellees' conduct as guardians and are within the exclusive jurisdiction of the probate court.)

{¶13} In the instant case, all of Rheinhold's claims arise out of the alleged conduct by Pickering, as guardian, Reichek, as attorney for guardian, the probate court's approval to terminate the guardianship and allow Pickering to access the estate funds, and Dollar Bank's handling of the funds. In her complaint, Rheinhold challenges the actions of the guardian, attorney for the guardian, the probate court's administration of her estate, and Dollar Bank's distribution of estate funds. These claims "touch the guardianship" and are, therefore, within the exclusive jurisdiction of the probate court. The fact that the guardianship has terminated does not foreclose the probate court's exclusive jurisdiction. *Ohio Farmers Ins. Co. v. Huntington Natl. Bank*, 8th Dist. Cuyahoga No. 76303, 2000 Ohio App. LEXIS 4533, *16 (Sept. 28, 2000) (where we found that appellant's complaint was within exclusive jurisdiction of probate court that alleged claims concerning acts of former guardian). Accordingly, the trial court properly determined that the probate court had exclusive jurisdiction over Rheinhold's claims.

{¶14} Thus, the sole assignment of error is overruled.

{¶15} Judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, P.J., and
PATRICIA A. BLACKMON, J., CONCUR