[Cite as *Kennedy v. Dottore*, 2020-Ohio-3451.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

VICKI KENNEDY,                                   :

    Plaintiff-Appellant,                    :

                                         No. 108562

    v.                                           :

MARK DOTTORE, ET AL.,                            :

    Defendants-Appellees.                   :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 25, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-902608

---

## *Appearances:*

The Albert Law Firm, Steven W. Albert, Andrew S. Peterson, and Nicholas J.M. Holland, *for appellant.*

Whitmer & Ehrman, L.L.C., and Robert M. Stefancin, *for appellee* Mark E. Dottore and Dottore Companies, L.L.C.

Ulmer & Berne, L.L.P., Michael N. Ungar, Amanda Martinsek, and Gregory C. Djordjevic, *for appellee* William Koeblitz.

Baker & Hostetler, L.L.P., Thomas R. Lucchesi and David L. Shively, *for appellees* James Loeb and Baker & Hostetler, L.L.P.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Plaintiff-appellant, Vicki Kennedy ("Kennedy"), appeals the trial court's decision dismissing her complaint for declaratory judgment and common law fraud. For the reasons that follow, we affirm the trial court's judgment.

{¶ 2} This case arises out of a divorce proceeding between Kennedy and William Koeblitz ("Koeblitz") in the Domestic Relations Division of the Cuyahoga County Court of Common Pleas. *See Koeblitz v. Koeblitz*, Cuyahoga C.P. No. DR-04-310704. In the divorce proceeding, Koeblitz was represented by Attorney James Loeb and Baker & Hostettler. In the early stages of the divorce case, Mark Dottore was appointed by the domestic relations court to serve as discovery master. The court also appointed Dottore as receiver and binding arbitrator over disputes related to the sale and liquidation of marital assets.

{¶ 3} In 2007, Koeblitz and Kennedy, through their respective counsel, negotiated and executed a Separation and Settlement Agreement ("the Agreement"). The Agreement was subsequently adopted into the parties' divorce decree. Pertinent to this appeal, the Agreement provides for the division of marital property, and appoints Dottore as receiver over the couple's real property and as a binding decision-maker over disputes related to the sale of real property, the couple's children's schooling, and the distributions from liquidation of certain business interests.

**{¶ 4}** Section 8 of the Agreement addresses "Business Interests," specifically Koeblitz's interests in four different businesses. Pertinent to the complaint, Section 8(e) of the Agreement affords Kennedy "tag along rights" regarding the possibility of future liquidation of Koeblitz's interest in WMK, Inc. d.b.a. Mobility Works ("WMK").

**{¶ 5}** Section 8(e)(i) provides that "the purpose of these tag along rights is to allow [Kennedy] to share in a declining percentage of net after tax proceeds in excess of $579,000 realized by [Koeblitz] in the event he sells most or all of his interest in WMK." The tag along rights explained that Kennedy would share in the initial 20 percent of aggregate net proceeds over $579,000 for a "liquidating event" occurring from September 2007 to August 2012. Thereafter, Kennedy's entitled percentage would decline each year, with termination of her tag along rights occurring on August 31, 2021.

**{¶ 6}** Section 8(e)(iv), the subject of Kennedy's complaint, provides that

> The parties recognize that they cannot craft an agreement which accounts for every type of transaction which may impact on the ultimate net after-tax proceeds if any, for Wife's tag along rights. The purpose of this agreement is not to affect Husband's ability to operate the business, borrow money on its behalf, or sell or purchase assets on behalf of the company in the normal course of its business. The parties therefore will make a good faith effort to effectuate the intent of this subparagraph 8(e), and agree that they shall submit any dispute between them on any matter provided under this subparagraph to Mark E. Dottore who shall, after consulting with both parties, make a binding determination on the disputed matter. If Mr. Dottore is unavailable to resolve the matter, another member of his office shall resolve the matter, and if no such person is available and the parties cannot agree on a substitute, the Domestic Relations Court shall appoint an individual to resolve the matter. Husband shall provide Mr.

Dottore with prompt notice of any Liquidating Event and with audited annual financial statements of WMK, Inc. each year to assist Mr. Dottore in the determination of whether a liquidating event has occurred and the amount, if any, to be paid to Wife therefrom.

{¶ 7} In 2018, both Koeblitz and Dottore informed Kennedy that WMK, Inc. was undergoing a "liquidating event." Pursuant to Section 8(e)(i), Kennedy would be entitled to an 8% share in the aggregate net proceeds following Koeblitz's initial $579,000 of those net proceeds. According to Kennedy, Dottore advised her "that the tag-along section of the Agreement could result in a range of different payment amounts * * * with the potential outcomes varying by a substantial amount of money." (Complaint, ¶ 43.)

{¶ 8} In August 2018, Kennedy filed a complaint in the Cuyahoga County Common Pleas, General Division, seeking a declaratory judgment that the provisions of the Agreement granting authority to Dottore are void due to fraud, unconscionability, and as against public policy, against defendants, Mark Dottore, Attorney James Loeb, Baker & Hostetler, L.L.P., Dottore Companies, L.L.C., and William Koeblitz (collectively "appellees"). The complaint also raised a common law fraud claim against Loeb, Dottore, Dottore Companies, and Koeblitz.

{¶ 9} In her complaint, Kennedy challenged the validity of Section 8(e) and sought a declaratory judgment that the provision is void based on fraud, unconscionability, and as against public policy. She further pleaded common law fraud, contending that she was fraudulently induced to enter into the Agreement by Dottore, Loeb, and Koeblitz. According to Kennedy, the defendants held Dottore

out as an "unbiased and neutral decisionmaker" when "unbeknownst to [Kennedy] at the time" that the Agreement was being negotiated, Dottore "was contemporaneously represented by * * * Loeb and Baker & Hostetler, L.L.P., the same lawyer who also represented [Koeblitz], in at least one unrelated matter." She claimed in her complaint that the defendants had a "duty to disclose [Dottore's] personal interest in a favorable resolution for [Koeblitz]" but failed to do so. Kennedy claimed she did not become aware of this fraud until 2018. According to Kennedy, Dottore was "significantly involved" in negotiating the "tag along rights." And because of his involvement, she was damaged because she relied on his purported neutrality when she agreed to the marital division of property pertaining to Koeblitz's business assets.

{¶ 10} In response, the appellees each separately moved to dismiss the complaint. Dottore and Dottore Companies, L.L.C. (the "Dottore Defendants") filed a Civ.R. 12(B)(1) and (6) motions, contending that the trial court lacked subject-matter jurisdiction and that Kennedy failed to state a claim upon which relief may be granted. Koeblitz, Loeb, and Baker & Hostetler also moved to dismiss under Civ.R. 12(B)(6).

{¶ 11} The trial court granted the motions to dismiss. The court specifically found that it lacked jurisdiction over Kennedy's complaint because it was an impermissible, collateral attack on the divorce decree. The court determined that Kennedy's appropriate remedy would have been to file a Civ.R. 60(B) motion in the domestic relations court. The court alternatively determined that Kennedy failed to

plead her fraud claim with particularity as required by Civ.R. 9(B). Specifically, the court found that Kennedy failed to specify both the time and place where the alleged misrepresentations were made to her, and failed to identify the legal duty the appellees were under to disclose Loeb's representation to Dottore as a receiver in an unrelated domestic relations matter.

{¶ 12} Kennedy now appeals raising three assignments of error.

## I. Civ.R. 12(B)(1) Motion to Dismiss — Lack of Jurisdiction

{¶ 13} In her first and second assignments of error, Kennedy contends that that the trial court erred in dismissing her complaint pursuant to Civ.R. 12(B)(1). Specifically, she contends that the court erred in holding that the common pleas court, general division, lacked subject matter jurisdiction over her claims for fraud and declaratory judgment because the general division gained exclusive jurisdiction over the claims once her complaint was filed in the general division. Additionally, Kennedy argues that the trial court erred in its determination that her claims constitute an impermissible collateral attack on a final judgment.

{¶ 14} We review a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction de novo. *Rheinhold v. Reichek*, 8th Dist. Cuyahoga No. 99973, 2014-Ohio-31, ¶ 7. When ruling on a Civ.R. 12(B)(1) motion, the trial court must determine whether a plaintiff has alleged any cause of action that the court has authority to decide. *Id.* "The trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ. R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry

without converting the motion into one for summary judgment." *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 358 N.E.2d 526 (1976), paragraph one of the syllabus.

{¶ 15} Although some defendants did not move for dismissal for lack of subject matter jurisdiction, the court was permitted to dismiss the case against all parties on its own initiative. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Civ.R. 12(H)(3). Lack of subject matter jurisdiction may be raised sua sponte by the court at any stage of the proceedings. *State ex rel. Bond v. Velotta*, 91 Ohio St.3d 418, 419, 746 N.E.2d 1071 (2001).

{¶ 16} In this case, Kennedy maintains that once the divorce decree was finalized, both the general division and the domestic relations division obtained concurrent jurisdiction over the decree, and that when she filed her declaratory judgment and fraud actions in the general division, that venue obtained exclusive jurisdiction over the complaint. Accordingly, Kennedy maintains that it was error for the trial court to dismiss the complaint for lack of subject matter jurisdiction. Additionally, she contends that because her complaint alleges fraud, she can collaterally attack the divorce decree in the general division.

{¶ 17} R.C. 3105.011 confers jurisdiction on the court of common pleas, including its domestic relations division, to determine all domestic relations matters. Division of marital property is relief granted in domestic relations matters. R.C. 3105.171. A division of domestic relations for the court of common pleas of

Cuyahoga County has been established by R.C. 2301.03(L)(1). That section provides that the domestic relations judges "shall have all the powers relating to all divorce, dissolution of marriage, legal separation, and annulment cases, except in cases that are assigned to some other judge of the court of common pleas for some special reason." *Id.* Accordingly, the Domestic Relations Division of the Cuyahoga County Court of Common Pleas has exclusive jurisdiction over divorce cases.

{¶ 18} Kennedy contends that her complaint for declaratory judgment is a *permissible* collateral attack because the Agreement was procured by fraud, and therefore, is void.

{¶ 19} Collateral attacks on judgments conceivably can be mounted in either the court that issued the judgment or in a different court, as they involve any new "proceeding" not encompassed within the proceeding in which the original judgment was entered. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 20. Kennedy's complaint, however, does not involve a new proceeding not encompassed within the divorce proceeding; rather, it directly correlates to the divorce proceeding, and seeks to declare a final judgment void. If her action is successful, however, Kennedy would be reinvoking the jurisdiction of the domestic relations division because the decree would potentially no longer be a final judgment and the division of marital assets would be undecided. *See Weyandt v. Davis*, 112 Ohio App.3d 717, 679 N.E.2d 1191 (9th Dist. 1996) (complaint for declaratory judgment properly dismissed based upon a

determination that a declaratory judgment would not terminate the uncertainty or controversy).

{¶ 20} Moreover, the Ohio Supreme Court affirmed the "longstanding principle" of Ohio jurisprudence "that final judgments are meant to be just that-- final." *Ohio Pyro* at ¶ 22. Such judgments, in the ordinary course of events, are subject to direct attack through appeal by the parties to the litigation. *Id.* "For these reasons, it necessarily follows that collateral or indirect attacks are disfavored and that they will succeed only in certain very limited situations." *Id.* The Ohio Supreme Court has identified two such "very limited situations" as "when the issuing court lacked jurisdiction or when the order was the product of fraud (or of conduct in the nature of fraud)." *Id.* at ¶ 23.

{¶ 21} A collateral attack on a final judgment challenges the "fundamental validity of the previous judgment" and involves "the same considerations that come into play when considering whether a particular judgment is void or voidable." *Id.* at ¶ 25. "When a judgment was issued without jurisdiction or was procured by fraud, it is void and is subject to collateral attack. * * * But in the absence of those fundamental deficiencies, a judgment is considered 'valid' (even if it might perhaps have been flawed in its resolution of the merits of the case) and is generally not subject to collateral attack." *Id.*

{¶ 22} In this case, Kennedy does not contend that the domestic relations court lacked jurisdiction to enter the divorce decree; rather, she contends that the Agreement, specifically Section 8(e), was procured by fraud, thus rendering it void

and subject to collateral attack. And as a result, she requests that the divorce decree also be declared void to the extent necessary to afford the relief requested.

{¶ 23} An agreement is void when a party has been fraudulently prevented from knowing that he or she signed the agreement or its contents, i.e., fraud in the factum. *Berry v. Javitch, Block & Rathbone, L.L.P.*, 127 Ohio St.3d 480, 2010-Ohio-5772, 940 N.E.2d 1265, ¶ 24. An agreement is merely voidable, however, when a party alleges fraud or misrepresentation as to the facts inducing the party to sign the agreement, i.e., fraud in the inducement. *Id.*

{¶ 24} In her complaint, Kennedy alleged that the Agreement, specifically, Section 8(e)(iv), was procured by material misrepresentations by the appellees that Dottore was unbiased and a neutral decision-maker. She claimed that Dottore had an undisclosed conflict of interest because Attorney Loeb and Baker & Hostetler represented Dottore in a separate legal action that was pending at the time the Agreement was negotiated. According to Kennedy, this conflict of interest renders invalid the specific portions of the Agreement designating Dottore as binding decisionmaker because Dottore was biased and not a neutral party. Kennedy alleges that the undisclosed conflict and misrepresentations induced her into signing the Agreement and not understanding its contents.

{¶ 25} Kennedy's claim is based on fraud in the inducement because she contends that the defendants fraudulently misrepresented facts to induce her into agreeing to Dottore acting as the receiver in this matter. As the trial court correctly noted, Kennedy's allegations go to the merits of the judgment, challenging

specifically Section 8(e) and her tag along rights, and do not challenge the fundamental validity of the divorce decree itself. *See Cart v. Fed. Natl. Mtge. Assn.*, 11th Dist. Ashtabula No. 2011-A-0059, 2012-Ohio-2241, ¶ 68. Accordingly, because Kennedy alleges fraud in the inducement, which if true, would render the divorce decree voidable, the appropriate relief was through a Civ.R. 60(B) filed in the domestic relations division of the common pleas court.

{¶ 26} In *Keen v. Keen*, 157 Ohio App.3d 379, 2004-Ohio-2961, 811 N.E.2d 565 (2d Dist.), the Second District considered a similar issue like the one before this court in this matter. In *Keen*, wife filed a declaratory judgment action in the general division of the court of common pleas, seeking an accounting of husband's retirement benefits and a declaration of her rights to a portion of them. Those benefits were not included in the parties' 1978 dissolution decree. The trial court dismissed the case for lack of jurisdiction. On appeal, the court affirmed the trial court holding that wife's claims for relief in her complaint were "a collateral attack" on the decree of dissolution because the relief sought "would necessarily vacate or modify the relief that was granted by the domestic relations division" with respect to the ownership of husband's retirement benefits. *Id.* at ¶ 13. The court determined that the relief was only available in the domestic relations division, not the general division. *Id.* at ¶ 14. Accordingly, the *Keen* court found that wife's only avenue for relief was through a Civ.R. 60(B) motion filed in the court's domestic relations division. "Such relief is available where consent or mutuality did not exist when the parties entered into the separation agreement underlying the dissolution decree

because of fraud or material mistake or misrepresentation." *Id.* at ¶ 15, citing *In re Williams*, 81 Ohio St.3d 239, 690 N.E.2d 535 (1998).

{¶ 27} Much like in *Keen*, Kennedy's relief is in the domestic relations court through a Civ.R. 60(B) motion. Accordingly, the trial court properly dismissed Kennedy's complaint for lack of subject matter jurisdiction, finding that her complaint was an impermissible collateral attack on the divorce decree. Kennedy's first and second assignments of error are overruled.

## II. Dismissal Pursuant to Civ.R. 12(B)(6)

{¶ 28} Kennedy contends in her third assignment of error that the trial court erred in dismissing her complaint pursuant to Civ.R. 12(B)(6) because her common law fraud claim was pleaded with particularity.

{¶ 29} This court's review of a motion to dismiss pursuant to Civ.R. 12(B)(6) is also under a de novo standard. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the allegations contained in the complaint and, as an appellate court, we must independently review the complaint to determine if dismissal was appropriate. *McGlone v. Grimshaw*, 86 Ohio App.3d 279, 285, 620 N.E.2d 935 (4th Dist.1993). A complaint cannot be dismissed unless it appears beyond all doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶ 30} It is well settled that "when a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991), citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St. 3d 190, 192, 532 N.E.2d 753 (1988). While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989), citing *Schulman v. Cleveland*, 30 Ohio St.2d 196, 198, 283 N.E.2d 175 (1972), and *Mitchell* at 193. Moreover, "'[l]egal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness.'" *Williams v. U.S. Bank Shaker Square*, 8th Dist. Cuyahoga No. 89760, 2008 Ohio 1414, ¶ 9, quoting *Crane & Shovel Sales Corp. v. Bucyrus-Erie Co.*, 854 F.2d 802, 810 (6th Cir.1988).

{¶ 31} In order for her fraud claim to survive a Civ.R. 12(B)(6) motion to dismiss, Kennedy had to allege the following: (1) a representation or, where there is a duty to disclose, omission of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 462 N.E.2d 407 (1984). The

absence of any one of these elements of fraud is fatal to recovery. *Westfield Ins. Co., v. HULS Am., Inc.*, 128 Ohio App.3d 270, 714 N.E.2d 934 (10th Dist.1998).

{¶ 32} The trial court determined that Kennedy failed to plead her fraud claim with particularity as required by Civ.R. 9(B). Specifically, the court found that Kennedy failed to specify both the time and place where the alleged misrepresentations were made to her, and failed to identify the legal duty the appellees were under to disclose Loeb's representation of Dottore as a receiver in an unrelated domestic relations matter. We agree with the trial court and further find that Kennedy failed to specify how Dottore's actions induced her into executing the Agreement. We additionally find that Kennedy failed to allege a resulting injury proximately caused by her reliance on such misrepresentations.

{¶ 33} In this case, Kennedy alleged in her complaint that based on appellees' misrepresentations about Dottore's neutrality, she entered into an agreement with terms "less favorable than she would have otherwise secured." (Complaint, ¶ 102-103.) Additionally, she alleged that the division of Koeblitz's business assets would have been "presumptively equal" as marital property, and thus she "suffered damages of up to or exceeding 42% of the value received by Koeblitz." (Complaint ¶ 105, 107.) However, this allegation does not particularize how Dottore's alleged bias as a receiver in distributing future marital assets proximately caused her injury, especially because her alleged injury was present when the divorce decree was finalized.

{¶ 34} Accordingly, we find that the trial court did not err in alternatively dismissing Kennedy's complaint pursuant to Civ.R. 12(B)(6). Her third assignment of error is overruled.

{¶ 35} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR